IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                                  No. CR 05-2373 WJ

JASON GUTIERREZ,

        Defendant.

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO IMPOSE A REDUCED SENTENCE AT CRIMINAL HISTORY CATEGORY III

      THIS MATTER comes before the Court upon Defendant Jason Gutierrez's Motion to Have Court Impose a Reduced Sentence Under 18 U.S.C. § 3582(c)(2) at Criminal History Category III (**Doc. 558**), filed November 11, 2015. Having considered the parties' written arguments and the applicable law, the Court finds that Defendant's motion is not well-taken and therefore is **DENIED**.

#### BACKGROUND

      On April 30, 2007, U.S. District Judge Bruce Black sentenced Jason Gutierrez ("Defendant") to 192 months imprisonment with 5 years of supervised release to follow for Conspiracy to Possess with Intent to Distribute More Than 500 Grams of Methamphetamine Mixture or 50 Grams of Actual Methamphetamine, and Aiding and Abetting. The total offense level was 35 and he had a Criminal History Category of IV, resulting in a guideline imprisonment range of 235 to 293 months. The Defendant received a downward departure

pursuant to U.S.S.G. § 4A1.3 for over-representation of criminal history to a Criminal History Category of III. This departure established a guideline imprisonment range of 210 to 262 months. The Defendant additionally received a variance to a sentence of 192 months imprisonment to account for the disparity of his sentence compared to other defendants.

On July 18, 2014, the United States Sentencing Commission voted to apply Amendment 782, which downwardly adjusted the Sentencing Commissions' Drug Quantity Table by two levels for most federal drug trafficking crimes. The Commission also amended U.S.S.G. § 1B1.10, making Amendment 782 retroactive as of November 1, 2014. The United States agrees that Defendant is eligible for a sentence reduction under Amendment 782, reducing his base offense level to 34 and his total offense level to 33. However, the United States and Defendant disagree over whether this Court has the authority to consider the previous criminal history departure from Category IV to Category III in its calculation for the new sentencing range. Defendant's Motion (**Doc. 558**), filed November 11, 2015, argues that the Court should find him in Criminal History Category III, resulting in a new range of 168 to 192 months. The United States, in its Response (**Doc. 559**) filed December 7, 2015, argues that the original Criminal History Category of IV applies and the Court may not apply the previous criminal history departure, resulting in a new range of 188 to 192 months.

## DISCUSSION

Defendant presents several reasons for concluding that the Court may, and should, find him appropriately placed in Criminal History Category III for resentencing pursuant to 18 U.S.C. § 3582.

First, Defendant notes that the United States Sentencing Guideline Section addressing how sentences are to be reduced based on an amendment to the guidelines states that "the court

shall determine the amended guidelines range that would have been applicable to the defendant . . . ." *See* U.S.S.G. § 1B1.10. In interpreting this phrase, the Tenth Circuit in *United States v. Boyd* determined that the amended guideline range is the guideline range determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the *Guidelines Manual* or any variance. *See* 721 F.3d 1259, 1263 (10th Cir. 2013). *Boyd*'s conclusion was based upon the United States Sentencing Commission's explanation in promulgating Amendment 759. *See id*. Defendant argues that there are several problems with this reasoning when applied to the instant case. Defendant suggests that it could be deemed as inconsistent with U.S.S.G. § 1B1.10 itself, as that section directs a court to only apply guideline amendments listed in subsection (d), which does not list Amendment 759.

At the original sentencing, Defendant received two (2) criminal history points for having committed the instant offense within two years after having been released from custody pursuant to U.S.S.G. § 4A1.1(c). Defendant argues that Amendment 742, addressing "recency" points, would also not apply to Defendant because it is similarly not listed in subsection (d) of 1B1.10. Yet Defendant notes that the Government's position is that the Court should substitute Amendment 759 but not follow Amendment 742. Defendant concludes that this application is inconsistent with Tenth Circuit precedent stating that a court should not apply various provisions taken from different versions of the Guidelines. *See United States v. Nelson*, 36 F.3d 1001, 1004 (10th Cir. 1994). Instead, if the Court agrees with the *Boyd* reasoning interpreting Amendment 759, the Court should also find that Amendment 742 reduces Defendant's criminal history to Category III.

Second, Defendant argues that the United States Supreme Court in *Dillon v. United States* determined that because a court conducting a re-sentencing must take the original sentence

3

as given, the court could not revisit a defendant's criminal history category. *See* 560 U.S. 817, 841 (2010). Similarly, a change to the offense levels should not authorize this Court to alter Defendant's Criminal History Category from the original Category at sentencing. Finally, Defendant argues that to agree with the Government would raise issues of separation of powers and the scope of statutory mandate.

The United States argues that a reduction in criminal history under U.S.S.G. § 4A1.3 is a departure that is applied after the guideline range is determined. In *United States v. Montanez*, the Second Circuit explained that U.S.S.G. § 1B1.1(a) makes no mention of departures, as a court considers departures only after it has determined a defendant's offense level and criminal history category. *See* 717 F.3d 287, 292 (2d Cir. 2013). The procedure under the limited authority granted by 18 U.S.C. § 3582(c)(2) is to sentence the defendant the same way as he would have been sentenced with the only difference being the new Drug Quantity Table. *See Dillon*, 560 U.S. at 827. Within that admonition of doing everything the same, the courts have held that criminal history departures are not included and the sentencing range applies the original, correctly calculated Criminal History Category. Further, as Amendment 742 did not exist at the time of Defendant's original sentence, it is not considered here. The United States argues that Defendant is incorrect in stating that *Dillon* is contrary to *Boyd*. Rather, in determining the amended guideline range in *Dillon*, a court's departure under § 4A1.3 is not considered under the authority granted by 18 U.S.C. § 3582(c)(2), per *Boyd*. Finally, the United States notes that the First, Second, Third, and Fifth Circuits have addressed the constitutionality of U.S.S.G. § 1B1.10 and have found no separation of powers issue. *See United States v. Hogan*, 722 F.3d 55, 60 (1st Cir. 2013); *United States v. Erskine*, 717 F.3d 131, 136–38 (2d Cir. 2013);

*United States v. Berberena*, 694 F.3d 514, 520–23 (3d Cir. 2012); *United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011).

The Court agrees with the United States and finds that Defendant's Motion should be denied. The United States Sentencing Guideline comments and the Tenth Circuit, in both *Boyd* and *United States v. Darton* have made clear that for purposes of a sentence modification under 18 U.S.C. § 3582(c)(2), the applicable guideline range upon which a sentence is based is the range produced after a determination of the total offense level and criminal history category but prior to any discretionary departures. *See* 595 F.3d 1191, 1197 (10th Cir. 2010). It is uncontested that at the time of Defendant's original sentencing, he was in Criminal History Category IV. Judge Black chose to depart downward to Criminal History Category III given his finding that Defendant's criminal history score overrepresented his criminal conduct.

The Court finds that in re-sentencing the Defendant who is eligible under 18 U.S.C. § 3582(c)(2), the Court must use the Defendant's pre-departure Criminal History Category. *See Boyd*, 721 F.3d at 1264. Thus, based upon the statutory language, Guidelines language, and Tenth Circuit precedent, Defendant is in Criminal History Category IV and that is the criminal history category upon which the Defendant is to be re-sentenced.

The Court notes that notwithstanding Defendant's lengthy sentence, he has taken full advantage of the opportunities available to him within the Bureau of Prisons to improve his education and to better himself so that he has a better chance of successful transition back into the community when he completes his sentence.  In short, the record before the Court indicates that Defendant has been a model inmate.  Thus, if the Court on re-sentencing had the authority to depart down to Criminal History Category III, the Court would do so and sentence Defendant to 168 months, the low end of the guideline range utilizing Category III.  Instead, and for the

reasons stated herein, the Court on re-sentencing Defendant under 18 U.S.C. § 3582(c)(2) must utilize Offense Level 33, Criminal History Category IV which results in a low end guideline sentence of 188 months.

Defendant's motion to be re-sentenced under Criminal History Category III is therefore **DENIED**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE